USCA1 Opinion

 

 [Not for Publication] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUITNo. 97-1930 JAIME LOYOLA-CINTRON, ET AL., Plaintiffs, Appellants, v. BENJAMIN BETANCOURT-AQUINO, ET AL., Defendants, Appellees.  APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge]  Before Lynch, Circuit Judge, Coffin and Cyr, Senior Circuit Judges.  Astrid Col¢n-Lede for appellants. Carlos A. Ortiz-Morales, with whom Alfonso Miranda Cardenas andMiranda Cardenas & Cordova were on brief for appellee Garcia Rinaldi. Jose Luis Gonzalez-Castaner, with whom Law Offices of Jose LuisGonzalez-Castaner and Jose R. Ortiz-Velez were on brief for appelleesBetancourt Aquino and Simed. Rafael Mayoral Morales, with whom Latimer, Biaggi, Rachid &Godreau was on brief for appellee Hosital Pavia.  April 3, 1998 Per Curiam. Plaintiffs challenge various rulingsunderlying the dismissal of their wrongful death action against Dr.Raul Garcia Rinaldi, Dr. Benjamin Betancourt Aquino, and HospitalPavia, for providing negligent post-operative care and supervisionto their father. We summarily affirm the district court judgmentbased on a thorough review of the entire record. On May 11, 1993, plaintiffs' father was admitted toHospital Pavia and treated by defendant Betancourt for chest pain. The next day defendant Garcia performed emergency coronary by-passsurgery, followed by a second surgery to correct temporarybleeding. During the post-operative recovery period the patientwas successfully treated for several episodes of cardiacarrhythmia, the latest having occurred three days prior to hisdischarge in stable condition. On May 23, three days afterdischarge, he suffered a cardiac arrest and died despite defendantBetancourt's efforts to resuscitate. The district court correctly granted summary judgment toDr. Garcia on the ground that plaintiffs failed to present anyevidence which, if believed, could have rebutted the presumptionunder Puerto Rico law that the decedent received reasonable medicalcare from Dr. Garcia. See Fernandez v. Corporacion Insular deSeguros, 79 F.3d 207, 211 (1st Cir. 1996). Instead, plaintiffsrelied exclusively upon the unsupported, conclusory allegations intheir complaint. Absent affidavits generating a trialworthy issue,summary judgment was inevitable. See Medina-Munoz v. R.J. ReynoldsTobacco Co., 896 F.2d 5, 8 (1st Cir. 1990); see also Fed. R. Civ.P. 56(e). Plaintiffs further contend that they should have beengranted a new trial because the district court refused to allowtheir expert witnesses, an internist and a pathologist, to testifythat defendants Betancourt and Hospital Pavia provided negligentpost-operative care. The district court committed no error, letalone manifest error. See United States v. Sepulveda, 15 F.3d1161, 1183 (1st Cir. 1993). First, one of the witnesses, neither a surgeon nor acardiologist, acknowledged having nothing "to do with open-heartsurgery. It's not my expertise. I have not been trained for it .. . ." The other, likewise not a cardiologist, had never treatedeither a cardiac patient or a post-operative condition; nor did heexamine the decedent, either before or after death. Nor was anautopsy ever performed on the decedent.  AFFIRMED.